IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KENNETH W KUEHNER,

                    Plaintiff,                                    **8:24CV133**

          vs.

SHAINA N. MARION,                                    **MEMORANDUM AND ORDER**

                    Defendant.

This matter is before the Court on Plaintiff Kenneth W. Kuehner's Motion to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and his pro se civil complaint (the "Complaint"), Filing No. 1.  For the reasons stated below, Plaintiff's IFP Motion is denied and this matter is dismissed without prejudice.

On April 15, 2024, Plaintiff, a non-prisoner pro se litigant, filed his Complaint against Defendant Shaina N. Marion.  Plaintiff utilized the Form Pro Se 1 Complaint for a Civil Case, but the form Complaint is largely blank apart from the identifying information for Plaintiff and Defendant, which includes Nebraska mailing addresses for each party, and a check mark indicating that "Federal question" is the basis for federal court jurisdiction in this case.  Filing No. 1 at 1–3.  Plaintiff alleges nothing else in the Complaint; both the spaces provided for his "Statement of Claim" and "Relief" are blank.  *Id*. at 4.

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). The Complaint contains no claims for relief whatsoever, and it is entirely unclear why Plaintiff filed this action.

Moreover, the Complaint's allegations fail to establish the Court's subject-matter jurisdiction. A plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n*

*v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  There is no discernible "federal question" alleged in the Complaint as Plaintiff has failed to allege any claims.  Additionally, the Complaint's allegations fail to establish the Court's subject-matter jurisdiction under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, which requires that "the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).  Both Plaintiff and Defendant are alleged to be residents of Nebraska so diversity is lacking.

Accordingly, the Court will dismiss this action without prejudice for failure to state a claim and because it is frivolous.  *See Sutton v. USA Gov't*, No. 8:21CV106, 2021 WL 3260844 (D. Neb. May 10, 2021) (summarily dismissing complaint as frivolous where complaint form was "completely blank" apart from case caption, plaintiff's address, and signature).  Because the Complaint is frivolous, the Court will also deny Plaintiff's IFP Motion.[1]

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint, Filing No. 1, is dismissed without prejudice because it is frivolous and fails to state a claim upon which relief may be granted.

2.      Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied.

3.      The Court will enter judgment by a separate document.

---

[1] The Court notes that a review of Plaintiff's IFP Motion shows he clearly is not eligible to proceed IFP as he has substantial assets and does not mention expenses that would impact his ability to pay the relatively modest $405.00 filing fee associated with filing a claim in federal court.  *See* Filing No. 2.

Dated this 24th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge